UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>vs.<br><br>DESTANIE TALETHIA DANIEL,<br><br>                 Defendant. | No. 2:14-CR-152-SMJ-2<br><br>ORDER GRANTING DEFENDANT'S MOTION TO LIMIT CONTACT |

Before the Court is Defendant's Motion to terminate telephone contact between herself and Co-Defendant Jason Youker. ECF No. 304. Defendant indicates that the United States does not object to the Motion.

Specifically, Defendant Daniel alleges that Mr. Youker, who is detained pending trial and acting as his own attorney, has telephoned her from jail and in doing so, has violated this Court's order permitting contact between these two Co-Defendants only for the purpose of discussing their minor children.

Defendant's attorney has filed a Declaration indicating that five of the calls placed by Mr. Youker to Defendant were recorded by the jail, that he has listened to the recordings, and they include Mr. Youker discussing trial strategy, criticizing Defendant for prejudicing Mr. Youker's case, and disparaging Defendant's attorney.

Mr. Youker opposes Defendant's Motion, but filed his Response in Cause No. 2:14-CR-152-SMJ-1, which is his own case and not Defendant's case. The Court is not considering Mr. Youker's response.

ORDER - 1

Procedurally, Mr. Youker may not have standing to be heard on the motion before the Court. Under 18 U.S.C. § 3142, conditions of release are typically between the Court and a specific defendant, and do not formally account for the perspective of co-defendants or other individuals.

Factually, Mr. Youker's pleading in opposition does not claim any prejudice were Defendant's motion to be granted, and does not counter Defendant Daniel's attorney's characterization of the conversations. Mr. Youker appears to be raising arguments to either enhance his own case, such as discovery of transcripts, or to influence Defendant Daniel's attorney-client relationship.

Similarly, Defendant Daniel's motion is not a vehicle for the Court to affirmatively direct Co-Defendant Youker to certain conduct, or to cease certain conduct. Mr. Youker is not before the Court. There may be other parties with standing to enjoin Mr. Youker's conduct, or more direct means to block telephone calls from or to certain numbers.

For these reasons, Defendant Daniel's Motion, **ECF No. 304**, is **GRANTED**, and her conditions of release are MODIFIED to the extent that Defendant Daniel shall have no direct or indirect contact with Co-Defendant Youker, except through counsel, and then only for the purpose of exchanging information directly related to the welfare of their children in common.

**IT IS SO ORDERED.**

DATED September 22, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE